# 95 DTA 123

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

EL PUEBLO DE PUERTO RICO
Peticionario

v.

JANNETTE DIAZ ALICEA
Acusada-Recurrida

Núm. KLCE-95-00349

San Juan, Puerto Rico, a 12 de junio de 1995

Panel integrado por su presidenta, la Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Alfonso de Cumpiano, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

El Procurador General solicita la revocación de la sentencia dictada el 20 de abril de 1995 por el Tribunal de Distrito, Sala de San Juan, ordenando bajo la Regla 64 (d) de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II, el sobreseimiento y archivo definitivo de la denuncia presentada contra la Sra. Jannette Díaz Alicea por violación al Artículo 94 del Código Penal (Agresión).

Arguye el Procurador General que la desestimación de la denuncia bajo la Regla 64 (d), *supra*, no es el vehículo procesal adecuado, ni la sanción apropiada cuando el Ministerio Fiscal se ha dilatado justificadamente en cumplir una orden del tribunal sobre descubrimiento

de prueba.

Expedimos el recurso solicitado y revocamos la sentencia recurrida por no ser conforme a derecho y por el tribunal haber excedido su discreción en la imposición de sanciones al Ministerio Fiscal.

## I

De los documentos acompañados por las partes en sus respectivos escritos surgen los siguientes hechos, relevantes a la controversia ante nuestra consideración.

El 2 de marzo de 1995 la señora Díaz Alicea presentó moción al amparo de la Regla 95 de Procedimiento Criminal solicitando se ordenara al Ministerio Fiscal poner a su disposición cierta información. El tribunal de instancia dispuso que resolvería la moción el 7 de marzo, fecha señalada para el juicio. En ocasión de la vista el tribunal ordenó al Ministerio Fiscal suministrar la información solicitada, reseñalando el juicio para el 24 de marzo de 1995. (Exhibits III y IV de la Oposición, págs. 4 y 5).

Ante el incumplimiento del Ministerio Fiscal con la orden de descubrimiento de prueba, el cual informaron se debió a falta de apoyo secretarial para pasar a maquinilla la contestación, el tribunal concedió un término final de cinco (5) días. La defensa se allanó a la prórroga. El juicio fue reseñalado nuevamente para el 20 de abril de 1995. (Minuta del 24 de marzo de 1995, Exhibit IV del Recurso). El 28 de marzo de 1995, antes de que venciera el término concedido, el Ministerio Fiscal presentó la contestación a la orden de descubrimiento de prueba supliendo parte de la información solicitada e indicando que tan pronto la perjudicada pusiera a su disposición unos recibos de compra se los suministraría a la defensa. El 4 de abril de 1995 el Ministerio Fiscal presentó moción suplementaria acompañando copia de dichos recibos y de un documento en que la señora Díaz Alicea había escrito la cantidad de $19.30.

Señala la recurrida en su oposición que la moción suplementaria les fue notificada el 10 de abril, la recibieron por correo el 12 de abril y que las copias de la prueba documental acompañadas con ésta resultaron ilegibles. El día del juicio la defensa solicitó los originales de dichos documentos para examinarlos, sin embargo, el Ministerio Fiscal informó que no contaba con éstos en sala por encontrarse en las oficinas de la Fiscalía de San Juan. (Oposición, pág. 6). Ante ello, la señora Díaz Alicea solicitó la desestimación de la denuncia, a lo que el tribunal accedió ordenando el sobreseimiento y archivo definitivo bajo la Regla 64(d) de Procedimiento Criminal.

## II

Examinemos el alcance de las normas procesales invocadas por el tribunal, así como las relativas al descubrimiento de prueba en casos criminales.

La Regla 64 (d) de Procedimiento Criminal faculta al tribunal a desestimar la denuncia o acusación cuando *"ha ordenado la presentación de un pliego de especificaciones y no se han suplido las especificaciones ordenadas"*. 34 L.P.R.A. Áp. II. La solicitud de especificaciones o pliego de particulares se refiere a defectos de forma de la acusación, tales como fecha y lugar de los hechos que se imputan en la acusación o la identidad de la víctima, que si bien no son esenciales, pues no se refieren a elementos constitutivos del delito, son elementos importantes para el acusado establecer su defensa. *Pueblo v. Canino Ortiz,* D.P.R. (1993), **93 J.T.S. 157**, pág. 11319; E. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Colombia, Forum, 1993, Vol. III, §26.2 (D), págs. 231-232.

El Tribunal Supremo ha expresado que el vehículo procesal de pliego de especificaciones no procede cuando la solicitud del acusado es una de descubrimiento de prueba o de la teoría del caso. *Pueblo v. Cruz Ortega,* 95 D.P.R. 129, 133-134 (1967). El concepto de

descubrimiento de prueba, según contemplado en la Regla 95 de las Reglas de Procedimiento Criminal, es uno más amplio que abarca cualquier evidencia pertinente a la defensa del acusado. Chiesa, *ob. cit.*, págs. 232-233.

Respecto al descubrimiento de prueba del Ministerio Fiscal a favor de la defensa, las reglas específicamente permiten que el acusado inspeccione, copie o fotocopie material e información que esté en posesión, custodia o control del Ministerio Fiscal, consistente entre otras, en:

*"(1) Cualquier declaración jurada que el Ministerio Fiscal tenga del acusado.*

*(2) Cualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa probable para el arresto o citación, en la vista preliminar, en el juicio o que fueron renunciados por el Ministerio Fiscal y los récords de convicciones criminales de éstos.*

*(3)...............*

*(4) Cualquier libro, papel, documento, fotografía, objeto tangible, estructura o lugar que sea relevante para preparar adecuadamente la defensa del acusado, que el Ministerio Fiscal se propone utilizar en el juicio o que fue obtenido del acusado o perteneciera al acusado.*

*(5)...............*

*(6) Cualquier informe preparado por agentes de la policía en relación con las causas seguidas contra el acusado que sea relevante para preparar adecuadamente la defensa del acusado."*

El Ministerio Fiscal también deberá revelar aquella evidencia exculpatoria del acusado que tenga en su poder. Regla 95 (b), *supra.*

La señora Díaz Alicea solicitó del Ministerio Fiscal que le suministrara el contenido de todas las manifestaciones incriminatorias realizadas por la denunciada, el lugar y hora de las manifestaciones y las personas que las escucharon. Además, solicitó las declaraciones juradas de los testigos de cargo, el nombre y dirección de cualquier persona entrevistada por el Fiscal como testigo potencial no incluido como testigo de cargo en la denuncia, el informe de delito, toda fotografía y evidencia objetiva obtenida como resultado de o relacionada con el caso y toda prueba exculpatoria. (Exhibit II del Recurso).

Dicha información fue requerida bajo una moción de descubrimiento de prueba al amparo de la Regla 95. La información solicitada en este caso no era de la naturaleza requerible bajo un pliego de especificaciones. La denuncia contiene suficientes detalles y particulares como para informarle debidamente a la acusada qué hechos se presentarán en su contra el día del juicio, pues incluye la fecha, hora y el lugar donde se alega cometió el delito, el nombre de la perjudicada y del local donde ocurrieron los hechos y los hechos que configuraban el delito imputado. (Exhibit 1 del Recurso).

En vista de lo antes expuesto, la solicitud de descubrimiento de prueba de la señora Díaz Alicea no tiene el alcance de pliego de especificaciones y por ende, no procedería la utilización de la Regla 64 (d) como fundamento para la desestimación de la denuncia.

Independientemente del fundamento erróneo invocado por el tribunal de instancia, el Procurador General plantea que éste abusó de su discreción al desestimar la denuncia por el alegado incumplimiento del Ministerio Fiscal con su obligación de descubrir prueba a la

defensa.

La Regla 95-B(b) de las de Procedimiento Criminal establece que el descubrimiento de prueba debe ser completado en un plazo no mayor de diez (10) días antes del juicio. En casos de incumplimiento con las órdenes del tribunal sobre descubrimiento de prueba, el tribunal podrá: (1) ordenar a la parte que permita el descubrimiento o inspección del material o dé la información; (2) prohibir que dicha parte presente la prueba no descubierta en el juicio; (3) o emitir aquellas órdenes o remedios que estime necesarios de acuerdo a las circunstancias presentes en el caso. Regla 95-B(e), *supra.*

En cuanto a la facultad del tribunal para dictar órdenes y disponer los remedios necesarios para hacer efectivo el descubrimiento de prueba, se ha señalado que no existe impedimento constitucional para imponer al Estado cualquier tipo de sanción por el incumplimiento de su obligación de descubrir prueba a la defensa. Chiesa, *ob. cit.,* pág. 317. No obstante, la sanción de la desestimación de la denuncia o acusación es una extrema, que sólo procederá en circunstancias en que haya mediado conducta deliberada del Fiscal que resulte en perjuicio del acusado, o que aún no siendo deliberada, resulte en un daño irremediable para el acusado. Ello, en atención a que en la imposición de sanciones en el proceso criminal, los tribunales deben considerar sanciones que mantengan la integridad del proceso, pero sin castigar injustificadamente al Estado por la conducta del Fiscal.█

En este caso el tribunal ordenó la contestación bajo apercibimiento de desestimación, a petición de la defensa, por la Regla 64. El Ministerio Fiscal presentó la contestación a la moción de descubrimiento de prueba de la señora Díaz Alicea dentro del término de cinco (5) días concedido por el tribunal y notificó a la defensa la moción suplementaria el 10 de abril, o sea dentro del término de diez (10) días antes de la celebración del juicio, según exigido por la Regla 95-B(b), *supra.* En resumen, el Ministerio Fiscal suplió en tiempo la información disponible solicitada. El hecho de haber suplido parte de la información con posterioridad a los días dispuestos por el tribunal, pero dentro del término reglamentario, y el hecho alegado por la recurrida en su oposición de no tener disponible en el acto del juicio uno de los documentos enviados a la defensa, cuya copia resultó ilegible, no justifican, a nuestro juicio, la desestimación de la denuncia.

El tribunal de instancia no hizo expresión alguna en la sentencia recurrida de las circunstancias presentes en este caso que ameritaban la imposición de sanción tan extrema como la desestimación de la denuncia. La señora Díaz Alicea tampoco ha sustentado su alegación de que el documento ilegible suministrado por el Ministerio Fiscal era evidencia significativa que tendía a establecer su inocencia y ni que la información provista en la moción suplementaria la mantuvo en un estado de indefensión. (Oposición a la Petición, págs. 4 y 5). Por ende, en ausencia de base en el récord ante nuestra consideración de que la conducta del Ministerio Fiscal fuera deliberada o que resultara en perjuicio o daño irreparable para la recurrida, no podemos sostener la sanción impuesta por el Tribunal de Distrito. Ante las circunstancias bajo nuestra consideración hubiera procedido una sanción menos drástica, como hubiese sido prohibirle al Ministerio Fiscal presentar en el juicio la evidencia ilegible y que no tenía disponible el día de la vista en su fondo o aquella que no hubiera sido provista a tiempo. Regla 95-B(e), *supra.*

### III
En atención a los fundamentos antes expuestos, se expide el recurso, se revoca la sentencia recurrida y se devuelve el caso al Tribunal de Primera Instancia para que a su discreción, imponga al Ministerio Fiscal una sanción menos severa que la desestimación de la denuncia, cónsona con las circunstancias presentes en el caso, y para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 123**

1. El 31 de mayo ordenamos a la señora Díaz Alicea expresar su posición sobre los planteamientos de error. Dicha orden fue notificada por la vía telefónica y por la ordinaria.

2. Sobre el particular, véase la sentencia dictada el 30 de junio de 1993 por el Tribunal de Apelaciones, Sección Norte, en *Pueblo v. Torres Díaz,* SNCE-93-0209.